**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| SNAP KITCHEN INVESTMENTS, LLC; | § § § | Case No. 20-60083 |
| SNAP KITCHEN MANAGEMENT, LLC; | § § § § | Case No. 20-60088 |
| SNAP KITCHEN SERVICES, LLC; | § § § | Case No. 20-60090 |
| SNAP KITCHEN DALLAS, LLC; | § § | Case No. 20-60086 |
| SNAP KITCHEN #1, LLC; | § § | Case No. 20-60084 |
| SNAP KITCHEN #2, LLC; | § § | Case No. 20-60082 |
| SNAP KITCHEN #3, LLC; | § § | Case No. 20-60089 |
| SNAP KITCHEN #5, LLC | § § | Case No. 20-60085 |
| SNAP KITCHEN PHILADELPHIA, LLC; | § § § § | Case No. 20-60087 |
| Debtors. | § | |

**DEBTORS' EMERGENCY MOTION FOR
<u>JOINT ADMINISTRATION AND FOR RELATED RELIEF</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 7, 2020, AT 3:00 P.M. (CENTRAL TIME) IN THE COURTROOM LOCATED AT 312 S. MAIN, VICTORIA, TX 77901. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN DECEMBER 7, 2020.**
>
> **PLEASE NOTE THAT ON MARCH 24, 220, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**
>
> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON ON THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

To the Honorable Christopher M. Lopez, U.S. Bankruptcy Judge:

Snap Kitchen Investments, LLC ("SKI"), and its debtor affiliates[1] (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-styled chapter 11 proceedings (the "Bankruptcy Cases"), file this their *Emergency Motion for Joint Administration (the "Motion")*, in support thereof would respectfully show the Court as follows:

## I.  PROCEDURAL BACKGROUND

1. This Court has jurisdiction over the Bankruptcy Cases and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

---

[1] The above-captioned Debtors seeking joint administration in these chapter 11 cases, and the last four digits of each Debtor's taxpayer identification number, are as follows: Snap Kitchen Investments, LLC (4938); Snap Kitchen Management, LLC (4886); Snap Kitchen Services, LLC (4910); Snap Kitchen Dallas, LLC (6157); Snap Kitchen #1, LLC (4938); Snap Kitchen #2, LLC (4948); Snap Kitchen #3, LLC (4589); Snap Kitchen #5, LLC (4635); Snap Kitchen Philadelphia, LLC (9116).

2.      The Debtors remain in possession of their Estates as debtors-in-possession under 11 U.S.C. §§ 1107 & 1108.  No trustee or examiner has been appointed in these Bankruptcy Cases.

## II.     FACTUAL BACKGROUND

3.      On December 4, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 subchapter V of title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Cases and creating the respective bankruptcy estates (collectively, the "Estates").

4.      SKI, by and through its debtor-subsidiary operating entities (collectively, "Snap Kitchen"), offer healthy, affordable prepared meals for sale online nationwide and at all of their Texas locations.  Each week, Snap Kitchen prepares more than 150,000 meals from freshly sourced ingredients, bringing breakfast, lunch and dinner, soups and salads, snacks, drinks and juices, as well as sweets, to its customers.

5.      From 2010 to 2020, Snap Kitchen grew from one retail location and kitchen in Austin, Texas, to more than forty retail locations throughout Texas, Philadelphia, and Illinois.  Through aggressive growth, both in terms of products offered and geographic expansion, the Debtors (and various non-debtor affiliates) have economically struggled.  Therefore, throughout 2018 and 2019, Snap Kitchen focused on consolidating its successful operations and market segments, including maintaining several popular retail locations, building its online presence, and maximizing economies of scale by concentrating all of its food preparation operations in two industrial-size kitchens.  In revising its business model to focus on these segments, Snap Kitchen entered 2020 on a positive, confident trajectory for future profitability.

6.      Despite positive steps to "right-size" the business, the ongoing pandemic caused by the novel Coronavirus ("COVID-19") has created unnavigable strain on Snap Kitchen's operations

and liquidity. COVID-19 and the resultant state and local restrictions on retail business operations, increased costs to maintain safe working environments, and related impediments to normal, pre-pandemic business operations, have simultaneously reduced sales and increased costs. Though Snap Kitchen's employees and representatives have worked tirelessly during this pandemic, and its customers have proven themselves extremely loyal, economic realities have necessitated filing these Bankruptcy Cases.

7. A more fulsome description of the Debtors' background and other factual support for the relief request in this Motion and other first day motions is set forth in the Declaration of Anthony Smith (the "Smith Declaration"), filed contemporaneously herewith and incorporated herein for all purposes.

### III. RELIEF REQUESTED

8. By this Motion, the Debtors request joint administration of their Bankruptcy Cases for procedural purposes only.

9. In pertinent part, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides that the Court may order joint administration of bankruptcy estates if "two or more petitions are pending in the same court by . . . a debtor and an affiliate." FED. R. BANKR. P. 1015(b). The Bankruptcy Code defines the term "affiliate" as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(B). Here, SKI is the sole shareholder of all the other Debtors. Accordingly, all Debtors are affiliates of SKI (and of each other); therefore, the joint administration of the

Bankruptcy Cases is appropriate under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

10. Joint administration of the Debtors' Bankruptcy Cases is also warranted because the Debtors share many of the same parties-in-interest. Accordingly, cause exists for the joint administration of the Bankruptcy Cases, for procedural purposes only, under Rule 1015(b). Joint administration for procedural purposes of these Bankruptcy Cases will promote both procedural and administrative efficiency and reduce administrative expense to the Estates by:

 a. obviating the need for the Debtors to file duplicative motions and applications and for the Court to enter duplicative orders in each of these Chapter 11 cases;

 b. minimizing the burdens on witnesses and all parties-in-interest by sparing them from participating in identical hearings in separate cases;

 c. avoiding the burdensome necessity of duplicating notices;

 d. simplifying supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the Southern District of Texas; and

 e. minimizing the fees and expenses associated with the proposed engagement of Munsch Hardt Kopf & Harr, P.C. as counsel for the Debtors by minimizing expense caused by duplication related to filing, copying, and service of pleadings.

11. Joint administration will not affect the rights of any creditor or party-in-interest because the Debtors request joint administration for procedural purposes only. Notwithstanding joint administration, each creditor will be entitled to file a proof of claim against a particular Estate.

12. The Debtors request permission to use a consolidated list of thirty (30) unsecured creditors holding the largest claims against one or more of the Debtors.

13. The Debtors further request that the Court approve and require for use on all documents filed and entered in the jointly administered cases the following consolidated case caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-60083 |
| | § | |
| SNAP KITCHEN INVESTMENTS, LLC, *et. al.*[1] | § § § | Chapter 11 Subchapter V |
| Debtors. | § § § | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Snap Kitchen Investments, LLC (4938); Snap Kitchen Management, LLC (4886); Snap Kitchen Services, LLC (4910); Snap Kitchen Dallas, LLC (6157); Snap Kitchen #1, LLC (4938); Snap Kitchen #2, LLC (4948); Snap Kitchen #3, LLC (4589); Snap Kitchen #5, LLC (4635); Snap Kitchen Philadelphia, LLC (9116).

14. The consolidated caption relieves parties from including each of the Debtors' names, tax identification numbers, and case numbers on filed documents, simplifying administration of these Bankruptcy Cases.

15. The Debtors also request the Clerk of this Court make separate docket entries in each of the above-captioned Bankruptcy Cases, except the jointly administered case, substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) that provides for the joint administration of the Chapter 11 cases of Snap Kitchen Investments, LLC, *et al.* and its debtor-in-possession affiliate. The docket in Case No. 20-60083-11 should be consulted for all matters affecting the above-listed cases, which includes this case. Notwithstanding said joint administration, proofs of claims are to be filed in each debtor's separate case.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter an order: (i) providing for the joint administration of the Bankruptcy Cases; (ii) ordering that all documents (except proofs of claim) to be filed in each of the Bankruptcy Cases be filed in the jointly administered case styled *In re Snap Kitchen Investments, LLC, et al*. Case No. 20-60083-11 (Jointly Administered) regardless of whether such filing affects one or more of the Debtors; (iii) ordering that creditors continue to file proofs of claim against the Debtors in the Debtors' respective individual Bankruptcy Cases notwithstanding joint administration; and (iv) granting the Debtors such other and further relief to which they may show themselves to be justly entitled.

Dated: December 4, 2020.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas D. Berghman*
John D. Cornwell
Texas Bar No. 24050450
Thomas D. Berghman
Texas Bar No. 24082683
Grant M. Beiner
Texas Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
jcornwell@munsch.com
tberghman@munsch.com
gbeiner@munsch.com

*Proposed Counsel for Debtors
and Debtors in Possession*