IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 20-20-60083 |
| | § | |
| SNAP KITCHEN INVESTMENTS, LLC, *et. al.*[1] | § § | Chapter 11 Subchapter V |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER AUTHORIZING (I) THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (II) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, <u>EACH EFFECTIVE AS OF THE PETITION DATE</u>**

CAME ON FOR CONSIDERATION, the *Debtors' Omnibus Motion Seeking Entry of an Order Authorizing (I) the Rejection of Certain Unexpired Leases and (II) Abandonment of Certain Personal Property, if any, Each Effective as of the Petition Date* (the "<u>Motion</u>"), filed by Snap Kitchen Investments, LLC and its affiliated debtors (the "<u>Debtors</u>"), each as debtors-in-possession in the above-captioned chapter 11 cases (the "<u>Bankruptcy Cases</u>").  Finding that notice and service of the Motion was sufficient and appropriate under the circumstances, that the relief requested in the Motion is lawful, appropriate, and necessary and is in the best interests of the Estates,[2] and, based on the Smith Declaration, the representations in the Motion, and the record at any hearing on the Motion, it is HEREBY ORDERED THAT:

1.  Each of the Leases set forth on **Exhibit A** attached to the Motion is rejected under section 365 of the Bankruptcy Code effective as of the Petition Date.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Snap Kitchen Investments, LLC (4938); Snap Kitchen Management, LLC (4886); Snap Kitchen Services, LLC (4910); Snap Kitchen Dallas, LLC (6157); Snap Kitchen #1, LLC (4938); Snap Kitchen #2, LLC (4948); Snap Kitchen #3, LLC (4589); Snap Kitchen #5, LLC (4635); Snap Kitchen Philadelphia, LLC (9116).

[2] Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Motion.

2.      The Debtors are authorized to abandon any Personal Property located on the Premises and all such property is deemed abandoned as of the Petition Date. The applicable counterparty to each Lease may utilize or dispose of such Personal Property in its sole and absolute discretion without further notice or liability to any party claiming an interest in such abandoned property.

3.      The counterparty to each Lease must file a proof of claim, if at all, on or before the later of (a) the deadline for filing proofs of claim established in these Bankruptcy Cases and (b) thirty (30) days after the entry of this order, or else any such claims may be forever barred by operation of law and orders entered in these Bankruptcy Cases.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing contained in the Motion or in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____.

        **Hon. Christopher M. Lopez,**
        **United States Bankruptcy Judge**